Shaw C. J.
delivered the opinion of the Court. In this case there is an express contract, between parties capable of contracting, upon' mutual stipulations, each hhving an interest in the stipulations of the other, and these stipulations being such as might be enforced by judicial process.
The subscription, in the first instance, was in the nature of a proposal to the college, by its terms not binding till accepted, and before acceptance, revocable. But when the college accepted it, they bound themselves to the performance of the *551 renditions. The conditions were, that they should apply the money, principal and interest, to the general literary, scientific and religious purposes of the institution, at Wiliiamstown, in which the defendant, with the other subscribers, declared that they had an interest; and, in case of the removal of the college from Wiliiamstown, that they would refund the money. This acceptance constituted an express undertaking ; and so long as the college continued at Wiliiamstown, the obligation thus to receive and appropriate the money, might be enforced in equity ; and in case of removal the defendant or his personal representative might have an action at law to recover back the principal sum paid. Besides, the Court must take notice that the plaintiff corporation are mere trustees for the public, administering a charity, for the promotion of education, that the purposes for which they are incorporated are the very purposes contemplated by the subscription, and that they can have no other interest in the recovery of this money, or of the other funds committed to them, than the promotion of those public and charitable purposes. These were then mutual and independent promises, and according to a well known rule of law, such promises are mutually considerations for each other. They were independent, because the college were to proceed immediately to make appropriations and incur expenses, and the defendant was to pay interest from the time of subscription, but he was not to pay the principal, until the expiration of ten years. Amherst Academy v. Cowls, 6 Pick. 427.
We think there was a sufficient legal consideration for the defendant’s promise and that the plaintiffs are entitled to recover.[1]

Defendant defaulted.

 See Middlesex Husbandmen, &c. v Dams, 3 Metc. 133.